**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John MERRITT, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 2003.
Filed June 5, 2003.

---

Larry Feinstein, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: JOHNSON, FORD ELLIOTT, and CAVANAUGH, JJ.

OPINION BY CAVANAUGH, J.:

¶ 1 John Merritt ("Merritt"), appeals from the Post Conviction Relief Act ("PCRA") order entered December 19, 2001, dismissing, without a hearing, his first PCRA petition as untimely filed. Merritt's appointed appellate counsel filed a "no-merit" letter and requested permission to withdraw. *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*). We affirm, holding that Merritt's PCRA petition was untimely filed, and grant his counsel's request to withdraw.

¶ 2 We summarize the relevant facts, as gleaned from the record. On February 20, 1985, Merritt, after a non-jury trial, was convicted of murder in the second degree, involuntary manslaughter, robbery, and criminal conspiracy. Merritt, on June 5, 1985, was sentenced to life imprisonment for murder consecutive to a sentence of ten to twenty years' imprisonment for robbery. Merritt did not pursue a direct appeal from judgment of sentence.

¶ 3 Fifteen years later, on October 3, 2000, Merritt filed his first *pro se* petition for PCRA relief. The court appointed counsel and counsel filed an amended PCRA petition on June 18, 2001. The PCRA court, after considering the Commonwealth's answer and the parties' supplemental replies, notified Merritt of its intent to dismiss the PCRA petition as untimely filed. *See* PA.R.CRIM.P. 907. The PCRA court formally dismissed Merritt's PCRA petition on December 19, 2001.

¶ 4 Merritt filed a *pro se* notice of appeal to this court and new appellate counsel was appointed.[1] Appellate counsel filed a "no-merit" letter, asserting that the PCRA petition was untimely filed, that the claims lack merit, and that he be allowed to withdraw as counsel. According to the "no-merit" letter, Merritt "complains that (1) he is entitled to the restoration of his direct appeal rights and (2) the evidence at his waiver trial was legally insufficient for a conviction of Murder in the Second Degree." Appellant's *Turner/Finley* Letter Br., at 4; *see also* Appellant's *pro se* PA.R.APP.P. 1925(b) statement. We frame the initial issue as to whether the trial court erred in finding that Merritt failed to timely file his PCRA petition.

¶ 5 As the PCRA court denied relief, "our standard of review…is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582, 586 (1999) (citation omitted); *see also*

---

1. The record does not reflect that Merritt's    PCRA counsel was granted leave to withdraw.

*Commonwealth v. Rivera,* 816 A.2d 282, 287 (Pa.Super.2003). As a "no-merit" letter was filed pursuant to *Turner* and *Finley,* we amplify:

> In *Turner,* our Supreme Court endorsed an independent review by the PCRA Court as an appropriate follow-up to counsel's "no-merit" letter filed at that level. The independent review necessary to secure a withdrawal request by counsel requires proof that:
>
> 1. PCRA counsel, in a "no-merit" letter, has detailed the nature and the extent of his review;
>
> 2. PCRA counsel, in the "no-merit" letter, lists each issue the petitioner wishes to have reviewed;
>
> 3. PCRA counsel must explain, in the "no-merit" letter, why petitioner's issues are meritless;
>
> 4. The PCRA court must conduct its own independent review of the record; and
>
> 5. The PCRA court must agree with counsel that the petition is meritless.
>
> The PCRA Court's decision is then subject to appellate scrutiny to assure that these constraints have been followed.

*Commonwealth v. Glover,* 738 A.2d 460, 464 (Pa.Super.1999) (citations omitted).

¶ 6 As a threshold matter, Merritt was required to file his petition for PCRA relief "within one year of the date the judgment [of sentence] becomes final" or otherwise invoke one of three exceptions. 42 Pa.C.S.A. § 9545(b); *see Commonwealth v. Rienzi,* —— Pa. ——, 827 A.2d 369, 371, 2003 WL 1337334 (Pa. 2003) (noting "that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions.") (citations omitted); *Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201, 203 (2000) (stating, "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner.") (citations omitted); *accord Commonwealth v. Wilson,* 824 A.2d 331 (Pa.Super.2003) (*en banc*); *see generally Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 218–19 (1999) (discussing the requirements of a timely filed PCRA petition). As Merritt was sentenced on June 5, 1985, his judgment of sentence became final on July 5, 1985, or when the 30–day period for filing a notice of appeal before this court expired.

¶ 7 The PCRA allows "a petitioner whose judgment of sentence became final before January 16, 1996, the effective date of the amendments...to file his petition within one year of that effective date, i.e., no later than January 16, 1997." *Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232, 1234 (2001) (citations omitted). Merritt, therefore, had until January 16, 1997 to file his first petition for PCRA relief. Merritt, however, chose to file his PCRA petition on October 3, 2000.

¶ 8 Three exceptions exist, however, to that one-year requirement. *See* 42 PA. C.S.A. § 9545(b)(1). The PCRA petitioner must plead and prove that one or more of the following three exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *see also Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1260–61 (1999); *Wilson*, 824 A.2d at 333. Any PCRA petition invoking one or more of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

¶ 9 Merritt's *pro se* PCRA petition alleged, with minimal explanation or argument: (1) ineffective assistance of counsel; (2) that the Commonwealth "fail[ed] to prove commission of a Felony"; (3) that the Commonwealth "fail[ed] to prove [the] fatal bullet was fired by the weapon in question;" and (4) that the Commonwealth "fail[ed] to show petitioner's intent." Appellant's *pro se* PCRA Pet. Merritt's counseled, amended PCRA petition alleged that "trial defense counsel was ineffective because he failed to and/or refused to file a petition to reconsider sentence and appeal in her [sic] case." Appellant's Amended Pet. Under Post Conviction Relief Act. Neither Merritt nor his PCRA counsel pleaded and proved any of the section 9545(b)(1) exceptions.[2] Merritt's appellate counsel concluded that Merritt failed to assert any of the statutory exceptions.

¶ 10 We agree with Merritt's appellate counsel. As Merritt failed to invoke the jurisdiction of this court by asserting one or more of the aforementioned exceptions, we are constrained to affirm the PCRA court's dismissal of his PCRA petition as untimely filed. *See, e.g., Wilson*, 824 A.2d at 335–36 (finding that it had no jurisdiction to consider an untimely filed PCRA petition). We hold that the PCRA court did not err in dismissing Merritt's PCRA petition as untimely filed. We therefore grant appellate counsel's request to withdraw in accordance with the *Turner–Finley* line of cases.[3]

¶ 11 Order affirmed. Motion to withdraw granted.

---

2. In a supplemental memorandum, Merritt's PCRA counsel conceded the untimely filing, but asserted that Merritt was entitled to a reinstatement of his right to file a direct appeal pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Commonwealth correctly noted that Merritt must nevertheless file a timely PCRA petition. *See, e.g., Commonwealth v. Hall*, 565 Pa. 92, 771 A.2d 1232 (2001); *Com-monwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 n. 1 (2000).

3. We acknowledge that Merritt's appellate counsel examined Merritt's claims and concluded they lacked merit. We need not evaluate the viability of this analysis as we lack jurisdiction to consider Merritt's PCRA petition.