J-S33017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CONWAY ORLANDO HUSTON | |
| Appellant | No. 1089 WDA 2015 |

Appeal from the PCRA Order July 14, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004265-2009

BEFORE: GANTMAN, P.J., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 28, 2016**

Appellant, Conway Orlando Huston, appeals from the order entered on July 14, 2015, granting him 83 days of credit for time-served and dismissing, as untimely, the remaining claims in his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel filed a petition to withdraw from further representation and a brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Upon review, we grant counsel's petition to withdraw and vacate the order and remand for the entry of an order dismissing Appellant's untimely PCRA petition in its entirety.

We briefly summarize the facts and procedural history of this case as follows. In September 2008, police arrested Appellant and the

---

*Former Justice specially assigned to the Superior Court.

Commonwealth charged him with eight criminal offenses in connection with various acts of sexual misconduct, spanning from February 2006 until August 2008, involving a female minor under the age of 13. On August 25, 2009, Appellant and the Commonwealth appeared before the trial court to enter a guilty plea. Appellant agreed to plead guilty to rape of a child and indecent assault;[1] in exchange, the Commonwealth agreed to withdraw the remaining charges. The parties also agreed to an aggregate sentence of 11 to 26 years of incarceration. After a colloquy, the trial court accepted Appellant's guilty plea and immediately sentenced Appellant according to the terms of the parties' agreement. Appellant did not file a direct appeal.

On March 21, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel for Appellant on April 2, 2015. Counsel filed an amended PCRA petition on April 14, 2015 alleging that Appellant was entitled to credit for time-served and requesting reinstatement of his direct appeal rights *nunc pro tunc*, because Appellant requested an appeal and trial counsel failed to file one. The PCRA court held a hearing on July 9, 2015. Initially, the Commonwealth conceded that Appellant was entitled to credit for time-served as alleged. Thereafter, trial counsel and Appellant testified. On July 14, 2015, the PCRA court entered an order granting Appellant credit

_____

[1] 18 Pa.C.S.A. §§ 3121(c) and 3126(a)(7), respectively.

for time-served,[2] but dismissing his request for *nunc pro tunc* relief as untimely. This timely appeal resulted.[3]

On appeal, counsel for Appellant presents the following issue for our review:

1. Whether [Appellant] is entitled — under Article I, Section 9 and/or Article V, Section 9 of the Pennsylvania Constitution and/or the Sixth and Fourteenth Amendments of the United States Constitution – to reinstatement of his right of appeal from the August 25, 2009 conviction and sentence at CP-02-CR-0004265-2009 because he directed his plea an[d] sentencing counsel to file such an appeal but said counsel failed to do so?

Appellant's Brief at 2.

Prior to reviewing the merits of this appeal, we first decide whether counsel fulfilled the procedural requirements for withdrawing as counsel. ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012). As we have explained:

_____

[2] Neither the Commonwealth nor Appellant appeal from the portion of the decision granting him credit for time-served. As we discuss **infra**, Appellant's PCRA petition was patently untimely and not subject to any of the PCRA's timeliness exceptions set forth at 42 Pa.C.S.A. § 9545. As such, the PCRA court lacked jurisdiction to reach the merits of Appellant's claims, including his assertion that he was entitled to credit for time-served.

[3] On July 16, 2015, Appellant filed a notice of appeal and a corresponding concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 11, 2016.

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner**, **supra** and **Finley**, **supra** and must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> \*       \*       \*
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court— trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Id.**

Here, counsel satisfied all of the above procedural requirements and Appellant has not responded to counsel's request to withdraw. Thus, having concluded that counsel's petition to withdraw is **Turner**/**Finley** compliant, we now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition.

Appellant claims that he is entitled to *nunc pro tunc* reinstatement of his direct appeal rights because trial counsel failed to file an appeal despite Appellant's direction to do so. Appellant's Brief at 12. Appellant avers that he filed his PCRA petition within 60 days of discovering trial counsel's alleged failure. **Id.** at 12-14.

- 4 -

Our standard of review is well-settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

This Court has previously determined:

> we must first consider the timeliness of [an a]ppellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended. This is to accord finality to the collateral review process. However, an untimely petition may be reviewed when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

***Commonwealth v. Miller***, 102 A.3d 988, 992-993 (Pa. Super. 2014) (internal citations, quotations, and original brackets omitted).

The PCRA provides, in relevant part, as follows:

### § 9545. Jurisdiction and proceedings

\*      \*      \*

- 5 -

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

    (i)        the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii)       the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

Appellant's judgment of sentence became final on September 24, 2009, after the 30-day appeal period expired. *See* Pa.R.A.P. 903. As such, Appellant's PCRA petition filed on March 21, 2015, almost six years later, is patently untimely. At the PCRA hearing, Appellant claimed that he did not know that counsel failed to file a direct appeal until he checked the docket on September 8, 2014. N.T., 7/9/2015, at 8-9, 11-12. However, Appellant filed his PCRA petition in March 2015, well past 60 days of the date he first

discovered the alleged error, in contravention of 42 Pa.C.S.A. § 9545(b)(2). Moreover, we have previously determined that a claim that trial counsel failed to file a direct appeal is discoverable with due diligence within the confines of the PCRA's one-year timing requirement. *See Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001) ("Appellant had a full year to learn if a direct appeal had been filed on his behalf. A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed. Due diligence requires that Appellant take such steps to protect his own interest."). As such, Appellant's PCRA petition was untimely and not subject to an exception. Accordingly, there was no jurisdiction to entertain Appellant's claim. Thus, the PCRA court properly denied relief.

Finally, because Appellant's PCRA petition was untimely and jurisdiction was lacking, the PCRA court was also without authority to grant Appellant credit for time-served. "An appellant's challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence." *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004) (citation omitted). "Issues concerning the legality of sentence are cognizable under the PCRA." *Id.* (citation omitted). Legality of sentence claims must still meet the jurisdictional requirements of the PCRA. *See Commonwealth v. Jackson*, 30 A.3d 516, 522 (Pa. Super. 2011) (where a petitioner files an untimely PCRA petition raising a legality of sentence claim, the jurisdictional limits of the PCRA render the claim

incapable of review). Having already determined Appellant's PCRA petition was untimely, not subject to an exception, we conclude the PCRA erred in granting Appellant credit for time-served. Hence, we are constrained to vacate the portion of the order granting Appellant 83 days of credit for time-served and direct the PCRA court to enter an order dismissing Appellant's PCRA petition, in its entirety, as untimely.

On the foregoing basis, and because our independent assessment of the record yields no meritorious issues for our review, we grant counsel leave to withdraw.[4]

Leave to withdraw granted. Order vacated. Case remanded for the entry of an order consistent with this memorandum. Jurisdiction relinquished.

President Judge Gantman joins this memorandum.

Justice Fitzgerald notes dissent.

_____

[4] We have permitted counsel to withdraw under the **Turner**/**Finley** line of cases when counsel examines the merits of Appellant's underlying claims, but jurisdiction is lacking. **See Commonwealth v. Merritt**, 827 A.2d 485, 488 (Pa. Super. 2003).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2016