J-S53020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL L. POWELL, | |
| Appellant | No. 1136 MDA 2015 |

Appeal from the Order Entered May 12, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000904-1990

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 11, 2016**

Paul L. Powell ("Appellant") appeals *pro se* from the May 12, 2015 order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Roy Myran ("the victim") was shot outside Jones' bar on Wood Street in Wilkes-Barre, Luzerne County, Pennsylvania, on February 5, 1990.[1] Witnesses identified Appellant and his brother, Robert Powell ("Robert"),[2] as

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]  The facts underlying Appellant's 1991 convictions of first degree murder and conspiracy are fully set forth in this Court's memorandum decision on Appellant's direct appeal. ***Commonwealth v. Powell***, 660 A.2d 124 (Pa. Super. filed January 17, 1995) (unpublished memorandum at 1–3).

[2]  Robert's appeal is under review by this Court at 1137 MDA 2015.

responsible for the victim's death. Appellant was charged with one count of murder in the first degree and two counts of criminal conspiracy to commit criminal homicide.

Appellant waived his right to a jury trial. Following a bench trial on October 8, 1991, Appellant was convicted of first degree murder and two counts of criminal conspiracy to commit first degree murder. On May 20, 1993, the trial court sentenced Appellant to a term of life imprisonment for first-degree murder and a term of imprisonment of two to four years on each of the criminal conspiracy counts. The sentences were to be served concurrently. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied further review. *Commonwealth v. Powell*, 660 A.2d 124 (Pa. Super. filed January 17, 1995) (unpublished memorandum), *appeal denied*, 665 A.2d 469 (Pa. 1995).

Appellant filed a timely PCRA petition on January 15, 1997.[3] The PCRA court subsequently appointed counsel. However, because Appellant was dissatisfied with counsel's assistance, he filed a petition to obtain substitute counsel. After the court denied this petition, Appellant filed a petition to proceed *pro se*. Following a hearing on September 9, 1998, the trial court permitted counsel to withdraw, and it further permitted Appellant to file an

---

[3] Appellant's judgment of sentence became final before January 16, 1996, the effective date of the 1995 PCRA amendments. Thus, Appellant had until January 16, 1997, to file a timely first PCRA petition. *Commonwealth v. Merritt*, 827 A.2d 485 (Pa. Super. 2003).

amended PCRA petition *pro se*. Appellant filed an amended *pro se* PCRA petition on October 5, 1998. The court denied relief on March 16, 2000. On March 29, 2000, Appellant filed a *pro se* notice of appeal with this Court. On September 1, 2000, the trial court entered an order clarifying that it had dismissed Appellant's original and amended PCRA petitions. In an opinion dated December 4, 2001, this Court vacated the order dismissing Appellant's amended PCRA petition and remanded the matter for appointment of counsel. ***Commonwealth v. Powell***, 787 A.2d 1017 (Pa. Super. 2001).

On January 18, 2002, the trial court appointed an attorney to represent Appellant. A subsequent PCRA hearing was held on July 17, 2002, and on August 26, 2002, the PCRA court dismissed Appellant's amended PCRA petition. Appellant once again expressed his unwavering desire to proceed *pro se*. Consequently, counsel filed a motion to withdraw as counsel, which the PCRA court granted on September 12, 2002. Appellant filed a *pro se* appeal on September 30, 2002. This Court affirmed the PCRA court's order, and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Powell***, 841 A.2d 578 (Pa. Super. filed October 29, 2003) (unpublished memorandum), *appeal denied*, 864 A.2d 1204 (Pa. 2005).

Through counsel, Appellant sent a serial PCRA petition to the Luzerne County Clerk of Courts, which was received on December 27, 2013, and docketed on January 2, 2014. Appellant filed an amended PCRA petition on

May 12, 2014, and, with leave of court, a second amended petition on June 20, 2014. In his serial petition, Appellant claimed that he was eligible for collateral relief on two grounds. First, Appellant asserted "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." That evidence was a recantation by witness Charles Eckhart. Second Amended PCRA Petition, 6/20/14, at ¶¶ 14–15. Second, Appellant raised an ineffective assistance of counsel claim ("IAC"), alleging that defense counsel was ineffective for not locating a witness, Stanley Petroski. *Id.* at ¶¶ 17–18.

The PCRA court scheduled an evidentiary hearing for August 7, 2014, which was eventually held on December 18, 2014. At the hearing, counsel testified that the defense theory was intoxication, *i.e.*, Appellant and Robert were too drunk to form the intent necessary for first degree murder. N.T., 12/18/14, at 9–19. Additionally, Appellant and Robert testified, as did Charles Eckhart and Stanley Petroski. *Id.* at 51–52, 56–60, 90–95. Following the evidentiary hearing, the PCRA dismissed Appellant's petition as untimely. Order, 5/12/15.

This appeal followed.[4] Appellant presents the following question for our consideration: "I. Whether the Appellant should be granted a new trial

---

[4] Appellant and the PCRA court complied with Pa.R.A.P. 1925.

on the basis of after-discovered exculpatory evidence?" Appellant's Brief at 4 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and may not be ignored in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Our review of the record reflects that the trial court imposed a sentence of life imprisonment on May 20, 1993. This Court affirmed Appellant's judgment of sentence on January 17, 1995, and the Pennsylvania Supreme Court denied further review on September 15, 1995. Accordingly, Appellant's judgment of sentence became final on December 14, 1995, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and the time for filing an appeal to the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (stating that a petition for writ of *certiorari* must be filed within ninety days of final judgment). Because Appellant's judgment of sentence became final before January 16, 1996, the effective date of the 1995 PCRA amendments, he had until January 16, 1997, to file a timely PCRA petition. **Merritt**, 827 A.2d 485. Appellant did not file the instant PCRA petition until May 12, 2014. Thus, the instant PCRA petition is patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[5] A petition invoking one of these exceptions must be filed

---

[5] The exceptions to the timeliness requirement are:

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super 2001).

The record reflects that Appellant attempted to raise the second time-bar exception, *i.e.*, that the facts upon which his claim was predicated were unknown to him at the time of trial. 42 Pa.C.S. § 9545(b)(1)(ii). Regarding this exception, we have stated the following:

> In order to sustain an untimely PCRA petition under the after-discovered evidence exception, a petitioner must show that the evidence: (1) has been discovered after the trial and could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative

_(Footnote Continued)_ ————————————

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

or cumulative; (3) will not be used solely for impeachment purposes; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted.

*Commonwealth v. Johnson*, 841 A.2d 136, 140-141 (Pa. Super. 2003). In addition, our Supreme Court explained that "the after-discovered facts exception focuses on **facts**, **not** on a newly discovered or newly willing source for previously known facts[.]" *Commonwealth v. Marshall*, 947 A.2d 714, 721 (Pa. 2008) (emphasis in original; internal quotation marks and citation omitted). *See also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (concluding that alleging a new conduit for a previously known fact "does not transform [the] latest source into evidence falling within the ambit of § 9545(b)(1)(ii)") (citation omitted).

Specifically, Appellant claims that he is entitled to PCRA relief on the basis of after-discovered facts contained in an October 2013 letter Appellant received from Charles Eckhart. Therein, the witness stated, for the first time, that Appellant was intoxicated on the night of the murder, and that he did not disclose this information during Appellant's trial for fear of his own safety. Appellant's Brief at 20.

The PCRA court found that Appellant's serial petition was filed within sixty days of receiving Charles Eckhart's letter; however, it also found no merit to Appellant's substantive claim:

Pursuant to Section 9545, the PCRA petition would have been due within 60 days of October 30, 2013, when [Appellant] received a letter from Charles Eckhart, or by December 29, 2013. At the PCRA hearing, the defense presented evidence,

- 8 -

specifically, a receipt from Fed-Ex indicating that the PCRA petition was sent by priority delivery overnight and received on December 2[7], 2013 at 10:00 a.m. by John with the sender being Gerald A. Lord, Esquire. See Transcript from PCRA evidentiary hearing on December 18, 2014 at page 6.

Pursuant to Pa. R.C.P. 903(A) the Clerk of Courts shall promptly time stamp the Petition for Post Conviction Relief. Because the petitions were received at 10:00 a.m. on December 27, 2013, a prompt time stand would and should have the same date. The Court finds the Petition was filed within sixty days.

However, [Appellant] must prove one of the exceptions pursuant to §9545 and what cannot be ignored is that the facts upon which [Appellant's] claims are predicated were known to [him] at the time of the trial. . . . Mr. Eckhart was available and testified at the trial of this matter. The statement he provided in October 2013 and his testimony at the [PCRA hearing] is merely corroborative or cumulative of the other testimony already presented to the fact finder.

PCRA Court Opinion, 5/12/15, at 5–6.

Upon review of the certified record, we discern no basis on which to disturb the PCRA court's order dismissing Appellant's petition. The record supports the PCRA court's finding that Appellant filed his PCRA petition within sixty days of Charles Eckhart's letter. N.T., 12/18/14, at 99, Defense Exhibit 1. The record also supports the PCRA court's conclusion that Charles Eckhart's 2013 statement was cumulative evidence of Appellant's intoxication defense. Specifically, at the December 2014 hearing, defense counsel testified that "just about all of those ten [defense] witnesses testified in some form or other about intoxication," "we had the officer who issued the public drunkenness citation to [Appellant] and to [Robert]," and the "forensic toxicologist . . . opined that the blood alcohol was . . . high;

between .20 and .25." N.T., 12/18/14, at 11–13. Appellant and/or Robert confirmed: their defense was intoxication; their witnesses "stated that we were intoxicated;" the toxicologist testified to high blood alcohol levels; and Stanley Petrosky's statement was admitted into evidence at trial. *Id.* at 23–32; 34–47. Charles Eckhart testified that he believed Appellant was intoxicated, and he explained his reasons for not disclosing that opinion at the time of Appellant's trial. *Id.* at 65–77, 86–96.

Based on the foregoing, we agree with the PCRA court that Charles Eckhart's testimony was cumulative evidence of Appellant's intoxication. Thus, Appellant failed to prove that Charles Eckhart's October 2013 statement constituted after-discovered facts that could render Appellant's serial petition timely. 42 Pa.C.S. § 9545(b)(1)(ii); *Johnson*, 841 A.2d at 140-141.

Appellant also claims that defense counsel was ineffective for failing to call Stanley Petroski to testify at trial. Appellant's Brief at 22. The PCRA court and the Commonwealth reply that this claim is waived. PCRA Court Opinion, 5/12/15, at 8 n.1 (citing 42 Pa.C.S. § 9544(b)); Commonwealth's Brief at 7 (same). We agree.

The record reveals that Stanley Petroski was unavailable to Appellant and the Commonwealth at the time of trial. N.T., 12/18/14, at 14–16. Despite the witness' unavailability, Appellant was able to admit Stanley Petroski's written statement in which he stated his belief that Appellant was

drunk on the night of the murder. ***Id.*** at 14, 18–21. By his own admission, Appellant failed to pursue an IAC claim regarding Stanley Petroski in his first PCRA petition. ***Id.*** at 44–46. Therefore, his current IAC claim is waived. 42 Pa.C.S. § 9544(b).

Appellant's PCRA petition was untimely, and he failed to plead and prove an exception to the time-bar. Therefore, the PCRA court lacked jurisdiction to accept Appellant's petition and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2016