J-S52003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MONTANA BELL | : | |
| | : | |
| Appellant | : | No. 1255 EDA 2017 |

Appeal from the PCRA Order March 17, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001453-2012,
CP-51-CR-0001454-2012, CP-51-CR-0001455-2012,
CP-51-CR-0001456-2012, CP-51-CR-0012761-2011,
CP-51-CR-001457-2012


BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 30, 2019**

Montana Bell appeals from the order dated March 17, 2017, in the Philadelphia County Court of Common Pleas, dismissing as untimely his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Bell seeks relief from the term of 15 to 30 years' imprisonment, following his negotiated guilty plea, in multiple cases, to attempted murder, aggravated assault, and numerous other offenses.[2]  For the reasons below, we affirm the PCRA court's order.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 901 and 2702(a)(1), respectively.

The parties are aware of the underlying facts and we need not recite them herein. As indicated above, Bell entered a negotiated guilty plea to numerous charges on April 9, 2014. Bell did not file any post-sentence motions or a direct appeal.

On December 21, 2015, Bell filed a *pro se* PCRA petition. Subsequently, the PCRA court appointed counsel. On November 16, 2016, counsel filed a petition to withdraw accompanied by a **Turner**/**Finley** letter.[3] Bell did not file a response. On February 15, 2017, the PCRA court issued a notice of intention to dismiss Bell's petition without a hearing pursuant to Pa.R.Crim.P. 907. Bell still did not file a response.[4] On March 17, 2017, the court dismissed the petition as untimely, and the court permitted counsel to withdraw.

_____

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Bell contends the PCRA court did not mail the Rule 907 in a timely manner and, therefore, he did not have time to respond to it. Bell attached the Rule 907 notice and envelope as an exhibit to his PCRA petition. **See** PCRA Petition, 12/21/2015, at Exhibits D and E. While the envelope does indicate there was a delay in receipt, the portion that shows the date of mailing is illegible. Thus, we are unable to determine if there was a breakdown at the PCRA court level. We note, however, Bell did not request an extension of time to file a response to the Rule 907 notice.

On April 7, 2017, Bell filed a *pro se* notice of appeal.[5] The PCRA court directed him to file a concise statement of errors complained of on appeal and Bell complied.[6] On July 10, 2017, the PCRA court issued an opinion.

When reviewing an order dismissing a PCRA petition, we must determine whether the record supports the ruling of the PCRA court and is free of legal error. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA

---

[5] Bell's notice of appeal lists six docket numbers. **See** Notice of Appeal, 4/07/2017. In June of 2018, the Pennsylvania Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Id.** at 977 (footnote omitted). Nevertheless, the **Walker** Court specifically announced that the court should apply its decision prospectively only. **See id.** Therefore, because Bell filed the notice of appeal in the present case before **Walker**, we need not quash this appeal.

[6] In its opinion, the PCRA court states Bell filed a Pa.R.A.P. 1925(b) statement. PCRA Court Opinion, 7/10/2017 at 1. However, while the docket lists two items as Rule 1925(b) statements, both appear to be letters from Bell requesting various accommodations and we are unable to locate the actual Rule 1925(b) statement.

petition was timely filed." ***Commonwealth v. Smith***, 35 A.3d 766, 768 (Pa.

Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement . . . is mandatory and jurisdictional in nature. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citation omitted). The court cannot ignore a petition's untimeliness and reach the merits of the petition. ***Id.***

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*,

572 U.S. 1151 (2014). A petitioner must file his or her PCRA petition within

one year of the date the underlying judgment becomes final. ***See*** 42 Pa.C.S.A.

§ 9545(b)(1). Our courts deem a judgment final "at the conclusion of direct

review, including discretionary review in the Supreme Court of the United

States and the Supreme Court of Pennsylvania, or at the expiration of time

for seeking review." 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct. Rule 13.

Instantly, Bell's judgment of sentence became final on May 9, 2014, at

the expiration of the time in which he had to file a direct appeal. Thus, Bell's

petition, filed on December 21, 2015, is patently untimely.

However, pursuant to 42 Pa.C.S.A. § 9545, an otherwise untimely

petition is not time-barred if a petitioner pleads and proves the applicability

of one of three time-for-filing exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).  For claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days of the date he or she could have presented the claim.[7]  **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.  Here, Bell fails to assert any reason why his petition falls within one of the exceptions to the timeliness requirement.  Accordingly, the PCRA court was correct in finding his petition was untimely filed.  Therefore, we affirm the order of the PCRA court.[8]

_____

[7] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017.  **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3.

[8] On appeal, Bell claims he received ineffective assistance of PCRA counsel and raises three issues of alleged error on the part of the PCRA court.  **See** Bell's Brief, at 4.  Specifically, he claims the PCRA court should not have:  (1) granted counsel's request to withdraw because of an inadequate **Turner**/**Finley** letter; (2) dismissed the petition because of the delay in receiving the Rule 907 notice; and (3) dismissed the petition without first writing a detailed opinion.  **See id.** However, Bell waived all of these issues because he raised them for the first time on appeal.  **See Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a).  In any event, the claims are without merit.

We have reviewed the record including counsel's thorough and detailed **Turner**/**Finley** letter and it is evident counsel substantially complied with all requirements; therefore, Bell did not receive ineffective assistance of PCRA

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/19

---

counsel and the PCRA court did not err in permitting counsel to withdraw. **See Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011); **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted); **Commonwealth v. Merritt**, 827 A.2d 485, 487 (Pa. Super. 2003). Therefore, this claim would not merit relief.

With respect to the Rule 907 notice, as noted above, we are unable to substantiate Bell's claim that the court delayed in mailing it. Moreover, this Court has held the "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." **Commonwealth v. Zeigler**, 148 A.3d 849, 852 n.2 (Pa. Super. 2016). Here, the petition is untimely. Moreover, Bell did not attempt to alert the PCRA court to the problem and did not file a request for an extension of time to file a response to the Rule 907 notice. Bell does not explain why he needed to file a response given that the petition is untimely, and he has not claimed any of the exceptions apply. Thus, this claim would not merit relief.

Lastly, Bell claims the PCRA court erred in not filing a detailed opinion prior to dismissing the petition. There is nothing in the text of Rule 907 that requires it to undertake an independent analysis of the issues in the notice. **See** Pa.R.Crim.P. 907. Here, the trial court alerted Bell in its Rule 907 notice as to the reasons why it was proposing to dismiss his petition without a hearing. It then drafted a full and independent Rule 1925(a) opinion explaining the basis for its decision. That is all that is required. **See id.** As such, this issue would not merit relief.