COMMONWEALTH of Pennsylvania,
Appellee,

v.

**Anthony Clarence WINFIELD,
Appellant.**

Superior Court of Pennsylvania.

Submitted March 31, 2003.

Filed Oct. 14, 2003.

John R. Merrick, West Chester, for appellant.

Nicholas J. Casenta, Asst. Dist. Atty., West Chester, for Com., appellee.

BEFORE: DEL SOLE, P.J., TODD, and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Anthony Clarence Winfield, asks us to determine whether the police entry of Appellant's hotel room was lawful and whether the subsequent search and arrest were legitimate. We hold the police officer's entry into the hotel room was lawful because Appellant did not possess a legitimate expectation of privacy in the room. We further hold the police lawfully arrested Appellant after seizing what appeared to be cocaine in plain view. Accordingly, we affirm Appellant's judgment of sentence.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Appellant checked into the Microtel Inn and Suites in Chester County on March 25, 2002. He paid the first night's bill on March 26, 2002 by slipping money through a crack in the door, but failed to render payment for his second night's stay by 11:00 a.m., March 27, 2002, the hotel's designated checkout time. Later that day, a hotel employee smelled burning marijuana emanating from the room where Appellant was staying and called the police. Officer David Maurer of the West Goshen Township Police Department arrived on the scene and spoke with the hotel's manager and a housekeeper who expressed concern for Appellant's welfare. Hotel staff and police then attempted to contact Appellant by knocking on the door, calling out for him, and phoning the room. When Appellant did not respond, Officer Maurer ordered hotel security to cut the engaged security bar off of the door. Officer Maurer entered the room to discover Appellant unconscious or asleep on the bed. After waking him, Officer Maurer noticed a plastic baggy containing white powder on a table in the room. The baggie was seized and Appellant was arrested. The baggie was later determined to contain two grams of cocaine.

¶ 3 The Commonwealth charged Appellant with one count of possession of a

controlled substance.[1] Appellant filed an omnibus pre-trial motion to suppress the evidence obtained from the warrantless entry of the hotel room. The court denied the suppression motion. Following a bench trial, the court found Appellant guilty of one count of possession of a controlled substance following a bench trial. This timely appeal followed.

¶ 4 Appellant raises the following issues for our review:

WAS THERE PROBABLE CAUSE AND/OR EXIGENT CIRCUMSTANCES THAT PERMITTED ENTRY TO THE RENTED HOTEL ROOM OCCUPIED BY APPELLANT? WAS THE SEARCH OF APPELLANT'S HOTEL ROOM LAWFUL? WAS THE ARREST OF APPELLANT LAWFUL?

(Appellant's Brief at 4).

¶ 5 As a prefatory matter, we note that the trial court did not enter a statement of findings of fact and conclusions of law at the conclusion of the suppression hearing pursuant to Rule 581(I) of the Pennsylvania Rules of Criminal Procedure. However, where a suppression court fails to abide by Rule 581(I), we may look to the trial court's opinion for its findings of fact and conclusions of law. *See Commonwealth v. Reppert*, 814 A.2d 1196 (Pa.Super.2002); Pa.R.A.P. 1925(a). After reviewing the court's opinion, we are satisfied that it adequately conveys the court's findings of fact and conclusions of law. *Id.*

¶ 6 On appeal, the standard of review of a denial of suppression is "whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error." *Id.* at 1200 (quoting *Commonwealth v. McClease*, 750 A.2d 320, 323 (Pa.Super.2000)). The court may consider only the evidence of the prosecution and so much of the defense's evidence that remains uncontradicted when read in the context of the entire record. *Id.*

¶ 7 For ease of disposition, we address Appellant's issues together. Appellant argues that the warrantless entry and search of his hotel room was conducted in violation of his constitutional right to privacy, granted by the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. Appellant concedes that where exigent circumstances exist, there is a right to warrantless entry. He argues, however, that the circumstances of the situation at hand were not sufficient to permit the warrantless entry. Appellant posits the subsequent search of the room produced evidence that should have been suppressed. Appellant also insists his arrest was unlawful. We disagree.

¶ 8 The probable cause requirement attached to searches and seizures applies where the citizen possesses a reasonable expectation of privacy in the object of the search and seizure. *Commonwealth v. Rekasie*, 566 Pa. 85, 778 A.2d 624 (2001). To prevail on a suppression motion alleging a violation of privacy rights under Article I, Section 8 of the Pennsylvania Constitution, Appellant must demonstrate (1) a proprietary or possessory interest in the premises searched; and, (2) a subjective expectation of privacy in the premises searched at the time of the search and that such an expectation is objectively reasonable; *i.e.*, the privacy expectation is legitimate. *Commonwealth v. Torres*, 564 Pa. 86, 104, 764 A.2d 532, 542 (2001) (citing *Commonwealth v. Peterson*, 535 Pa. 492, 636 A.2d 615 (1993)). Although a guest in a rented hotel or motel room has a legiti-

1. 35 P.S. § 780–113(a)(16).

mate expectation of privacy in the room while it is rented, that expectation does not exist in the room or in any item in plain view to anyone after checkout time. *Commonwealth v. Brundidge*, 533 Pa. 167, 173, 620 A.2d 1115, 1118 (1993). Further, "society is not prepared to recognize as legitimate a subjective expectation of privacy in a motel room in which the rental period has ended and the guest's right to occupancy consequently has lapsed." *Id.* at 174, 620 A.2d at 1118.

¶ 9 Even in the event of a legitimate expectation of privacy, exigent circumstances will excuse the police from compliance with the warrant and probable cause requirements. *Commonwealth v. Miller*, 555 Pa. 354, 364, 724 A.2d 895, 900 (1999), *cert. denied*, 528 U.S. 903, 120 S.Ct. 242, 145 L.Ed.2d 204 (1999). One such exigency exists where the police are responding to safety concerns of others who may be in need of assistance, so long as the police do not create the urgency so they can act upon it. *Id.*

¶ 10 The plain view doctrine permits the warrantless seizure of evidence where a police officer views an object from a lawful vantage point, and it is immediately apparent that object is incriminating. *Commonwealth v. Petroll*, 558 Pa. 565, 576, 738 A.2d 993, 999 (1999); *Commonwealth v. Ballard*, 806 A.2d 889, 891 (Pa.Super.2002). "This doctrine rests on the principle that an individual cannot have a reasonable expectation of privacy in an object that is in plain view." *Id.*

¶ 11 Moreover, an officer may make an arrest in the absence of a warrant where probable cause exists. *Commonwealth v. Lynch*, 773 A.2d 1240 (Pa.Super.2001) (citing *Commonwealth v. Clark*, 558 Pa. 157, 735 A.2d 1248, 1251 (1999)). In determining the existence of probable cause to justify a warrantless arrest, the

court will consider the totality of the circumstances. *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Commonwealth v. Evans*, 546 Pa. 417, 422, 685 A.2d 535, 537 (1996)). "Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Clark, supra* (quoting *Evans, supra* at 423, 685 A.2d at 537). "Probable cause must be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training." *Id.* (quoting *Commonwealth v. Norwood*, 456 Pa. 330, 334, 319 A.2d 908, 910 (1974)).

¶ 12 Instantly, it is uncontroverted that the rental period had expired at the time Officer Maurer entered the room. Appellant's legitimate expectation of privacy expired along with the expiration of the rental period. *See Brundidge, supra.* Without a legitimate expectation of privacy in the room, Appellant may not prevail on his claim that his privacy rights were violated. *See Torres, supra.*

¶ 13 Moreover, even if Appellant had maintained a legitimate expectation of privacy in the hotel room, the search did not violate Appellant's privacy rights because the situation presented exigent circumstances. *See Miller,* supra. Evidence within the record, including the testimony of Officer Maurer, supports the trial court's finding that the officer and hotel staff believed Appellant's health was in danger. Thus, the warrantless entry into the rental room was made out of concern for Appellant's welfare. *See id.* There is no evidence of record that the police officer created the exigency so he could act on it. We conclude that such concern presents an exigent circumstance permitting a lawful warrantless entry. *Id.*

¶ 14 Further, Officer Maurer observed a baggie containing white powder in plain view from a lawful vantage point, and its incriminating nature was immediately apparent. *See Petroll, supra.* Therefore, its seizure did not violate Appellant's privacy rights. The circumstances presented to Officer Maurer upon entering the hotel room supported a reasonable conclusion that Appellant was in possession of cocaine. *See Lynch, supra.* As such, there was probable cause for Appellant's warrantless arrest. *See id.* Thus, we determine the record supports the court's findings, and its legal decisions are free of error. *See Reppert, supra.*

¶ 15 Based upon the foregoing, we hold the police officer's entry into the hotel room was lawful because Appellant did not posses a legitimate expectation of privacy in the room, once the paid rental period had expired. We further hold the police lawfully arrested Appellant after seizing what appeared to be cocaine in plain view. Accordingly, we affirm Appellant's judgment of sentence.

¶ 16 Judgment of sentence affirmed.

¶ 17 Judge TODD files a concurring opinion.

## CONCURRING OPINION BY TODD, J.:

¶ 1 I agree with the Majority's conclusion that the trial court properly denied Appellant's motion to suppress the evidence seized as a result of a warrantless entry into his hotel room by police. I agree that there were exigent circumstances which justified the warrantless entry, and that the cocaine seized from Appellant's hotel room was in plain view. Therefore, I concur in the result reached by my learned colleagues. I write separately, however, because I question the Majority's determination that Appellant did not possess a reasonable expectation of privacy in his hotel room since the rental period had expired and Appellant had not yet paid for another night's stay.

¶ 2 In concluding that Appellant did not possess a legitimate expectation of privacy in his hotel room, the Majority notes that "it is uncontroverted that the rental period had expired at the time Officer Maurer entered the room. Appellant's legitimate expectation of privacy expired along with the expiration of the rental period." Majority Opinion, at 369. As support for its conclusion, the Majority relies on our Supreme Court's decision in *Commonwealth v. Brundidge,* 533 Pa. 167, 620 A.2d 1115 (1993). I do not, however, read *Brundidge* so broadly.

¶ 3 In *Brundidge,* the appellee had registered for a motel room for one night for himself and a companion. Later that same evening, at approximately midnight, motel employees observed the appellee and his companion leave. By noon the next day, the motel's checkout time, neither the appellee nor his companion had returned, and a housekeeper telephoned the room to determine whether the occupants wished to retain the room for a second night. When she received no answer, the housekeeper entered the room to prepare it for the next guest. At that time, she discovered a diagram of the motel floor plan, became alarmed, and contacted the police. Following their entry into the room, police searched the closet of the room where they discovered a jacket inside of a protective bag. Inside the pocket of the jacket police discovered a plastic bag containing cocaine.

¶ 4 In denying the appellee's motion to suppress the cocaine, the trial court determined that the appellee had no reasonable expectation of privacy in the room or anything found therein once checkout time had arrived and passed. The court further held that exigent circumstances existed to

justify the warrantless search, since the appellee and his companion could return to the room at any time. On appeal, this Court held that the appellee had no reasonable expectation of privacy in the motel room, but reversed on the grounds that the police intrusion into the appellee's enclosed personal effects had violated his Fourth Amendment rights. The Commonwealth appealed our decision to the Pennsylvania Supreme Court, which held:

> The Superior Court correctly decided that while a guest in a motel or hotel room has a legitimate expectation of privacy during the period of time it is rented, no such expectation exists in the room or in any item in plain view to anyone readying the room after checkout time for the next occupant. Society is not prepared to recognize as legitimate a subjective expectation of privacy in a motel room in which the rental period has ended and the guest's right to occupancy consequently has lapsed.

*Id.* at 173–74, 620 A.2d at 1118.

¶ 5 There are significant differences between the facts of *Brundidge* and those in the case *sub judice*. In *Brundidge*, hotel personnel believed that the appellee and his companion had vacated the room. They were seen leaving late on the evening of check-in, and they had not returned by check-out time the following day. The housekeeper telephoned the room to see if the occupants wished to retain the room for another night, and when she received no answer, she entered the room in order to prepare it for the next guest.

¶ 6 Instantly, however, there was no indication that Appellant had vacated his motel room prior to the entry by police. Indeed, motel personnel suspected that Appellant was still occupying the room due to the smell of burning marijuana. There also was no indication that Appellant had been asked to vacate the room because he

had not yet paid the fee for a second evening, and, in contrast to *Brundidge*, motel personnel were not in the process of preparing the room for the next guest. Under these circumstances, I am reluctant to extend the holding of *Brundidge* in order to conclude that Appellant's expectation of privacy in a room in which he was still present expired at the precise moment his bill for a second night came due.

¶ 7 Notwithstanding the above, in view of the fact that there were exigent circumstances that justified the warrantless entry into Appellant's room, I concur with the Majority's holding that the trial court properly denied Appellant's motion to suppress.