J-S16038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYLER DAVID FIX | : | |
| | : | No. 1355 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order July 25, 2017
in the Court of Common Pleas of Berks County
Criminal Division at No.:  CP-06-CR-0000216-2014

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                     **FILED JUNE 12, 2018**

Appellant, Tyler David Fix, appeals, *pro se*, from the order of July 25, 2017, which dismissed, without a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the underlying facts and procedural history in this matter from this Court's June 12, 2015 opinion on direct appeal, the PCRA court's June 19, 2017 order and notice of intent to dismiss, and our independent review of the certified record.

> Appellant, Tyler David Fix, appeals from the August 25, 2014 judgment of sentence imposed after he was convicted of persons not to possess a firearm, 18 Pa.C.S.[A.] § 6105(a)(1), and possession of a controlled substance, 35 P.S. § 780–113(a)(16). . . .
>
> Appellant was charged with the above-stated offenses and proceeded to a non-jury trial on July 31, 2014.  The trial court

---

\*   Retired Senior Judge assigned to the Superior Court.

summarized the evidence presented at Appellant's trial, as follows:

[T]he record reflects that Chief John Pontician of the Womelsdorf Borough Police Department proceeded to 20 East High Street in Womelsdorf, Berks County, Pennsylvania after being informed by Nancy Ruth, [Appellant's] Aunt, that [Appellant] was living at that address. There was an active warrant for [Appellant's] arrest due to a parole violation. Moreover, Ms. Ruth did not want [Appellant] living at her parents' home because they were elderly and she believed his presence would have a negative impact on their health.

On the afternoon of November 6, 2013, Chief Pontician found [Appellant] illegally burning items in a barrel at the residence. As Chief Pontician was taking [Appellant] into custody, he noticed a firearm magazine and [a] number of .22 caliber long rifle cartridges at [Appellant's] feet. Also, Chief Pontician observed a Mossberg semiautomatic .22 long rifle nearby.[a] The magazine and ammunition contained in the rifle were identical to the magazine and ammunition discovered at [Appellant's] feet. In addition, Nancy Ruth testified that only her father and [Appellant] had keys to the garage where the gun was located and that she had never known her father to keep firearms in the house.

[(]Trial Court Opinion ([]), 11/14/14, at 3–4 (citations to the record omitted)[)].

[a] Chief Pontician testified that Appellant was standing close to an open door leading into the garage and, just inside the garage, the chief could "see the butt of a rifle stock." [(]N.T. Trial, 7/31/14, at 23-24[)]. Chief Pontician stated that Appellant was standing approximately 6 to 7 feet from the gun. [(*See i*]*d.* at 29[)].

Based on these facts, the trial court found Appellant guilty of persons not to possess a firearm. Additionally, at the time of Appellant's arrest, he was found to be in possession of the

prescription drug Benzodiazepine, for which he did not have a prescription. [(*See*] N.T. Trial, 7/31/14, at 30–31[)]. Accordingly, the court also convicted Appellant of possession of a controlled substance.

On August 25, 2014, the court sentenced Appellant to an aggregate term of [not less than] five [nor more than] ten years' incarceration, followed by three years' probation. Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. . . .

(***Commonwealth v. Fix***, 2015 WL 7077191, at *1 (Pa. Super. filed Jun. 12, 2015) (unpublished memorandum)).

On June 12, 2015, this Court affirmed Appellant's judgment of sentence. (***See id.*** at *5). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On April 6, 2016, Appellant, acting *pro se*, filed a timely PCRA petition. The PCRA court subsequently appointed counsel. On June 19, 2017, PCRA counsel submitted a ***Turner***/***Finley***[1] letter. On June 7, 2017, Appellant filed a response to the ***Turner***/***Finley*** letter.[2] On June 19, 2017, the PCRA court granted PCRA counsel's request to withdraw and issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure

---

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] We decline to speculate why Appellant's response preceded the filing of Counsel's ***Turner/Finley*** letter other than to note that both the letter and the PCRA court's response were filed on the same date.

907(1). Appellant filed a response on July 13, 2017. On July 25, 2017, the court dismissed Appellant's PCRA petition.

On August 24, 2017, Appellant filed a timely notice of appeal. On August 28, 2017, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on September 13, 2017. *See id.* On September 18, 2017, the PCRA court issued an opinion referencing its June 19, 2017 notice of intent to dismiss. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.[3]

1. Did the PCRA [c]ourt err in finding the Appellant's claims "do not involve the truth determining process" and are those not cognizable under the PCRA, although standing case law dictates that the "truth determining process" language of the PCRA statute is to be construed broadly?

2. Did the PCRA [c]ourt err in allowing PCRA [c]ounsel to withdraw even though counsel did not address the issues contained in Appellant's [*p*]*ro* [*s*]*e* PCRA [p]etition, in contravention of the [h]igher [c]ourt's holding's (sic) in [**Finley**, **supra**]; [**Turner**, **supra**]; [**Commonwealth v.**] **Glover**, 738 A.2d 460 (Pa. Super. 1999)?

3. Did the PCRA [c]ourt err in dismissing Appellant's PCRA [p]etition without a hearing finding counsel was not ineffective for failing to raise the claims herein?

---

[3] Appellant's argument section does not match his statement of the questions involved. (**See** Appellant's Brief, at 5-6, 14–38); **see also** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). Nonetheless, we will address his issues to the extent that we can determine them, because this discrepancy does not hamper our review. **See Donahue v. Fed. Express Corp.**, 753 A.2d 238, 241 n.3 (Pa. Super. 2000).

4. Did the PCRA [c]ourt err by denying Appellant's PCRA [p]etition alleging counsel is ineffective for failing to file a suppression motion arguing the firearm was seized unlawfully/illegally in violation of Appellant's [s]tate, [n]ational, and [f]ederal [c]onstitutional rights to be free from unreasonable searches and seizures?

5. Did the PCRA [c]ourt err in finding "no-merit" in that [Chief] Pontician lied under oath (perjury) to cover up the fact that he saw the gun the day before, thus proving he "knew in advance" the location of the gun, and finding counsel effective in not impeaching the officer with his contradictory "Call for Service Report"?

6. Did the PCRA [c]ourt err by denying Appellant's PCRA [p]etition alleging counsel is ineffective by failing to file a motion *in limine* citing Pa. R.E. 403 arguing the clip evidence should have been excluded as its probative value was outweighed by its prejudicial effect it introduced (sic), as well as it being "too remote in time" and opening the door for the Commonwealth to present two additional witnesses to damage the character and credibility of the Appellant with uncharged acts?

7. Did the PCRA [c]ourt err by denying Appellant's PCRA [p]etition alleging counsel is ineffective by not raising the claim of falsified and omitted facts in the [a]ffidavit of [p]robable [c]ause submitted to the [m]agistrate by [Chief] Pontician?

8. Did the PCRA [c]ourt err by denying Appellant's PCRA [p]etition alleging counsel is ineffective by not objecting to the Commonwealth's introduction of the clip evidence as the Commonwealth did not submit a [Pa.R.E.] 404(b) statement stating how the clip, recovered eight months prior to the incident at hand, was relevant to its case and how it intended to use the evidence at trial?

9. Did the PCRA [c]ourt err in not finding the "waiver of jury trial [c]olloquy" deficient in information and facts in order for the Appellant to make a fully informed, knowing and voluntary decision to waive his right to a jury trial?

(Appellant's Brief, at 5-6) (unnecessary emphases omitted).

Appellant appeals from the denial of his PCRA petition. Our standard of review is settled. We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> > [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

In his first claim, Appellant takes issue with the PCRA court's finding that several of his claims were not cognizable under the PCRA. (*See* Appellant's Brief, at 5). However, Appellant waived this claim. While he raises this issue in his statement of the questions involved, he abandons the argument in the body of the brief. (*See id.* at 5, 14-38). Therefore, we find Appellant's first claim waived. *See Commonwealth v. Jones*, 815 A.2d 598, 604 n.3 (Pa. 2002) (claims raised in statement of questions involved, but not pursued in body of brief are waived).

In Appellant's second issue, he contends that PCRA counsel filed a faulty *Turner*/*Finley* letter. (*See* Appellant's Brief, at 14). He specifically contends that counsel did not address all of the claims raised in his myriad pleadings. (*See id.*). We disagree.

Prior to addressing the merits of this claim, we must determine whether it has been properly preserved for our review. In *Commonwealth v. Pitts*, 981 A.2d 875, 879 n.3 (Pa. 2009), our Supreme Court held that a PCRA appellant "waive[s] any issue pertaining to the adequacy of PCRA counsel's no-merit letter by failing to raise it during Rule 907's 20–day response period." *Pitts*, *supra* at 879 n.3. Instantly, Appellant has preserved his claim by mailing a response to counsel's *Turner*/*Finley* letter. (*See Pro Se* Objection to Motion to Withdraw, 6/07/17, at 1). In this response, Appellant complained

that counsel had failed to adhere to the requirements of **Turner**/**Finley**. (**See id.** at 1, 10). Thus, we conclude Appellant has properly preserved his challenge to adequacy of the no-merit letter.

> We note that counsel may withdraw at any stage of collateral proceedings if, in the exercise of his or her professional judgment, counsel determines that the issues raised in those proceedings are meritless and if the post-conviction court concurs with counsel's assessment. The post-conviction petitioner then may proceed *pro se*, by privately retained counsel, or not at all.

**Glover**, **supra** at 463 (citation omitted).

In **Commonwealth v. Merritt**, 827 A.2d 485, 487 (Pa. Super. 2003), this Court reiterated the level of review necessary to secure permission to withdraw from representation pursuant to **Turner**, **supra** and **Finley**, **supra**. The **Merritt** Court stated that the PCRA court's determination is subject to appellate scrutiny to assure that the following constraints have been adhered to:

> 1. PCRA counsel, in a "no-merit" letter, has detailed the nature and the extent of his review;
>
> 2. PCRA counsel, in the "no-merit" letter, lists each issue the petitioner wishes to have reviewed;
>
> 3. PCRA counsel must explain, in the "no-merit" letter, why petitioner's issues are meritless;
>
> 4. The PCRA court must conduct its own independent review of the record; and
>
> 5. The PCRA court must agree with counsel that the petition is meritless.
>
> The PCRA Court's decision is then subject to appellate scrutiny to assure that these constraints have been followed.

*Id.* at 487 (citation omitted). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. **See Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

Here, the PCRA court specifically stated in its notice of intent to dismiss, that counsel "reviewed the entire official file, including notes of testimony, as well as [Appellant's] plentiful correspondence. . . . [C]ounsel expressed that, after a careful review of the record, . . . [Appellant's] PCRA [p]etition fails to establish any grounds upon which relief may be granted. . . ." (PCRA Court Opinion, 6/19/17, at 3). The PCRA court agreed with counsel's assessment. (**See id.**).

PCRA counsel filed a motion to withdraw as counsel with the PCRA court. He stated that he corresponded with Appellant and reviewed Appellant's case file and notes of testimony. (**See Turner/Finley** Letter, 6/19/17, at 2). Counsel also listed the ineffective assistance of trial claims Appellant raised in his PCRA petition, in an attachment to the PCRA petition, and in Appellant's correspondence. (**See id.** at 3-7). He then engaged in a ten-page analysis of those claims. (**See id.** at 7-17). Counsel attached a copy of the letter he sent to Appellant, which notified Appellant of his request to withdraw and

provided an explanation of Appellant's right to proceed *pro se* or with private counsel. Thus, PCRA counsel substantially complied with the ***Turner/Finley*** requirements. ***See Merritt***, ***supra*** at 487. Appellant's second claim is without merit. ***See Widgins***, ***supra*** at 819.

In his third claim, Appellant contends that the PCRA court erred in dismissing his petition without an evidentiary hearing. (***See*** Appellant's Brief, at 5, 40). The Pennsylvania Rules of Criminal Procedure provide the PCRA court with the discretion to dismiss a PCRA petition without an evidentiary hearing if it is patently without merit. ***See*** Pa.R.Crim.P. 907. Because, for the reasons discussed below, Appellant's ineffective assistance of counsel claims lack merit, he was not entitled to an evidentiary hearing. ***See Miller***, ***supra*** at 992. Accordingly, Appellant's third claim must fail.

In his next five claims, Appellant contends that he received ineffective assistance of trial counsel. He alleges that counsel failed to: (1) move to suppress the seizure of the weapon; (2) impeach Chief Pontician's allegedly perjured testimony; (3) file a motion *in limine* to exclude testimony that police found Appellant in possession of a clip for the gun some eight months prior to the instant incident; (4) move to suppress based upon inconsistencies in the affidavit of probable cause; and (5) object to the Commonwealth's failure to file a Rule 404(b) statement. (***See*** Appellant's Brief, at 5-6, 15-36).

To obtain relief under the PCRA on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's

ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** (citation omitted). This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***See id.*** at 533; ***see also Strickland v. Washington***, 466 U.S. 668, 687 (1984).

A finding of "prejudice" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" ***Strickland***, ***supra*** at 703 (citations omitted). In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether a petitioner met the first two prongs. ***See Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004) (citation omitted).

In his fourth claim, Appellant contends that trial counsel was ineffective for failing to move to suppress the firearm. (*See* Appellant's Brief, at 5, 15-27). We disagree.

Appellant first contends that a document entitled Call for Service Report (CSR)[4] demonstrates that Chief Pontician was aware, as of November 5, 2013, the day before he arrested Appellant, that Appellant was in possession of a weapon, and thus, his finding of the weapon in plain view was a pretext. (*See id.* at 15-16). However, we conclude that there is no underlying merit to Appellant's contention that the firearm found near him should have been suppressed, and thus, trial counsel cannot be found ineffective for failing to pursue this meritless claim.

"The Fourth Amendment of the [United States] Constitution and Article I, Section 8 of [the Pennsylvania] Constitution protect citizens from unreasonable searches and seizures." *Commonwealth v. McAdoo*, 46 A.3d 781, 784 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013). "A search conducted without a warrant is deemed to be unreasonable and therefore

_____

[4] The CSR is an unsigned form, presumably authored by Chief Pontician, which details his unsuccessful attempt to locate Appellant on November 5, 2013. (*See* CSR, 11/05/13, at unnumbered page 1). In the narrative section, the author describes looking into a "secure rear garage through, window I did see what appeared to b[e] a rifle lying on against (sic) a work bench[.]" (*Id.*). The CSR was not entered into the record at trial, and appears for the first time as an exhibit attached to Appellant's PCRA petition. (*See* PCRA Petition, 4/06/16, at Exhibit [4]). Appellant has not proven that trial counsel was even aware of its existence.

constitutionally impermissible, unless an established exception applies." ***Commonwealth v. Strickler***, 757 A.2d 884, 888 (Pa. 2000) (citation omitted). "Exceptions to the warrant requirement include the consent exception, the **plain view exception**, the inventory search exception, the exigent circumstances exception, the automobile exception, . . , the stop and frisk exception, and the search incident to arrest exception." ***Commonwealth v. Dunnavant***, 63 A.3d 1252, 1257 n.3 (Pa. Super. 2013) (emphasis added), *affirmed by an equally divided court*, 107 A.3d 29 (Pa. 2014).

Here, Appellant relies on this Court's decision in ***Commonwealth v. Daniels***, 593 A.2d 895, 898 (Pa. Super. 1991), *appeal denied*, 600 A.2d 533 (Pa. 1991), for the proposition that, "[t]he plain view exception cannot be used as a pretext when police officers know in advance the location of an item and intend to seize it." ***Daniels***, ***supra*** at 898; (***see also*** Appellant's Brief, at 15). Thus, Appellant argues that because Chief Pontician first saw the gun on November 5, 2013, his actions on November 6, 2013, constituted a mere pretext. (***See*** Appellant's Brief, at 15). However, Appellant's reliance on ***Daniels*** is misplaced.

In ***Daniels***, the victim told police that she had been raped by her ex-boyfriend at gunpoint earlier that day. ***See Daniels***, ***supra*** at 896. The police took the victim to the boyfriend's residence, when they rang the bell, he answered the door and stepped outside; the police handcuffed him and

showed him to the victim, who identified him as her assailant. **See id.** The defendant requested permission to get his keys and lock his door before being transported to the police station; the police stated that he had to be accompanied by an officer while retrieving them. **See id.** The police officers followed Appellant to a bedroom wherein they seized a gun in plain view on a dresser. **See id.** The trial court granted the defendant's motion to suppress; on appeal, we reversed. **See id.** at 896-97. In so doing, we stated:

> Because we have concluded that the police officers were lawfully in [defendant's] house, we must determine whether the observation of the guns was inadvertent. The plain view exception cannot be used as a pretext when police officers know in advance the location of an item and intend to seize it. [**Commonwealth v.**] **Kendrick**, [490 A.2d 923, 926 (Pa. Super. 1985)] (citing **Coolidge v. New Hampshire**, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)[]]. In **Kendrick**, the court noted that although the police officers were aware of the possibility that a drug sale might be in progress when they lawfully entered the defendant's home, there was nothing to indicate that they had anything more than a general expectation. Similarly, in the present case, the police officers were aware that the victim had been raped at gunpoint. However, they did not enter the house knowing the location of the guns and intending to seize them. We therefore conclude that the observation of the guns was inadvertent.

**Id.** (footnote omitted).

Here, as discussed above, Chief Pontician went to Appellant's grandparents' residence to arrest him for a parole violation, not to seize a gun. At most, the CSR demonstrates that, the day before, the house was deserted and Chief Pontician saw what appeared to be a gun in a secure, locked outbuilding. (**See** CSR, **supra** at unnumbered page 1). He had no way of

knowing that, when they returned the next day, Appellant would even be at the residence, let alone that he would be burning items next to the open garage with cartridges and ammunition at his feet and the gun some six feet away from him. Thus, because Appellant has failed to demonstrate that Chief Pontician had more than "a general expectation" that there would be a gun present on November 6, 2013, or that his arrest of Appellant pursuant to the parole violation warrant was a pretext for seizing the gun, counsel had no reason to move for suppression based upon **Daniels**. **Daniels**, **supra** at 897.

Appellant next claims that the PCRA court erred in finding that there was no basis for suppression based upon the plain view doctrine. (**See** Appellant's Brief, at 17-20). We disagree.

> . . . [T]he plain view doctrine, permits the warrantless seizure of an object when: (1) an officer views the object from a lawful vantage point; (2) it is immediately apparent to him that the object is incriminating; and (3) the officer has a lawful right of access to the object.

**Commonwealth v. Hudson**, 92 A.3d 1235, 1241 (Pa. Super. 2014), *appeal denied*, 106 A.3d 724 (Pa. 2014) (citation omitted).

Here, Appellant concedes that the police "had a valid reason to be on the premises and, thus, saw the gun from a lawful vantage point." (Appellant's Brief, at 17) (internal quotation marks omitted). He also concedes that the incriminating nature of the object was immediately apparent. (**See id.**). However, he argues that because Chief Pontician arrested him outside the garage and the gun was in plain view inside the

garage, he did not have a lawful right of access to the gun. (***See id.***). We disagree.

Here, when Chief Pontician arrived at the residence, he observed Appellant walking back and forth between the corner of the garage and an open burn barrel. (***See*** N.T. Trial, 7/31/14, at 21-22). Chief Pontician saw a magazine and loose rounds of ammunition for a .22 long rifle at Appellant's feet. (***See id.*** at 23). The door to the garage was open and Chief Pontician noticed the stock of a rifle in the immediate area. (***See id.*** at 23-24, 29). This was clearly sufficient to give Chief Pontician a lawful right of access to the gun. ***See Commonwealth v. Williams***, 73 A.3d 609, 616-17 (Pa. Super. 2013), *appeal denied*, 87 A.3d 320 (Pa. 2014) (police lawfully seized receipt under plain view exception where defendant, who had record for theft, was in area known for pick-pocket activity, placed shopping bags on ground, and receipt was on top of bag); ***Commonwealth v. Winfield***, 835 A.2d 365, 369-70 (Pa. Super. 2003) (after police lawfully entered hotel room, warrantless seizure of bag of cocaine was permissible under plain view doctrine); ***Daniels***, ***supra*** *a*t 896-97. As there is no merit to Appellant's underlying claim,[5] we will not fault counsel for failing to file a motion to suppress. ***See Loner***, ***supra*** at 132. Appellant's fourth claim must fail.

---

[5] Because the police lawfully seized the gun under the plain view doctrine, we decline to address Appellant's contentions regarding searches incident to arrest and exigent circumstances. (***See*** Appellant's Brief, at 20-25).

In his fifth claim, Appellant contends that trial counsel was ineffective for not using the CSR to impeach Chief Pontician's allegedly perjured testimony that he did not see the gun until the morning of November 6. (*See* Appellant's Brief, at 5, 28-29). We disagree.

Here, Appellant has failed to show how trial counsel's alleged failure to use the CSR to impeach Chief Pontician prejudiced him. At trial, Chief Pontician testified that, on November 5, he looked through the garage window but saw nothing out of the ordinary. (*See* N.T. Trial, at 20). As noted above, the CSR, allegedly prepared by Chief Pontician, indicates that he saw something that looked like a rifle lying against a workbench. Appellant fails to explain how this minor discrepancy prejudiced him or was in any way relevant to the events that occurred the next day. Because Appellant has not shown that counsel's failure to use the CSR to impeach Chief Pontician prejudiced him, Appellant's claim is without merit. *See Strickland*, *supra* at 687; *see Travaglia*, *supra* at 357.

Appellant's sixth claim contends that counsel was ineffective for failing to file a motion *in limine* to exclude testimony concerning a March 29, 2013 incident.[6] (*See* Appellant's Brief, at 30-31, 36). We disagree.

---

[6] We note that while counsel did not file a motion *in limine*, he did object to the admission of this evidence and his objection was overruled. (*See* N.T. Trial, at 32-33).

- 17 -

At trial, Womelsdorf Patrol Officer, Bernard Caraballo, testified that on March 29, 2013, he was called to a scene wherein Appellant was "visibly intoxicated", on a public street. (N.T. Trial, at 48; *see id.* at 46-47). Officer Caraballo placed Appellant under arrest; while doing a search incident to the arrest, Officer Caraballo discovered a small magazine filled with .22 caliber rounds. (*See id.* at 47-48). This magazine and rounds "match[ed]" the weapon recovered in the instant matter. (*Id.* at 49).

> A motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. A trial court's decision to grant or deny a motion *in limine* is generally subject to an evidentiary abuse of discretion standard of review.

*Commonwealth v. Williams*, 91 A.3d 240, 248 (Pa. Super. 2014) (*en banc*) (quotation marks and citations omitted). Further, evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence[.]" Pa.R.E. 401. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Commonwealth v. Radecki*, 180 A.3d 441, 462 (Pa. Super. 2018) (citations omitted). This Court has stated:

> Relevant evidence may nevertheless be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
>
> Because all relevant Commonwealth evidence is meant to prejudice a defendant, exclusion is limited to evidence so

prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case. As this Court has noted, a trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts form part of the history and natural development of the events and offenses with which [a] defendant is charged.

*Commonwealth v. Broaster*, 863 A.2d 588, 592 (Pa. Super. 2004), *appeal denied*, 876 A.2d 392 (Pa. 2005) (quotation marks, footnote, and citations omitted).

As noted above, Appellant argues that evidence was improperly admitted under Pennsylvania Rule of Evidence 404, which provides in pertinent part:

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).

This was a case of constructive possession. The police found the rifle in the garage six or seven feet away from Appellant. (*See* N.T. Trial, at 23-24, 29). The garage was owned by Appellant's grandparents; Appellant's father owned the gun. (*See id.* at 8-9, 30). At the time of arrest, the police found a magazine and ammunition matching the gun at Appellant's feet. (*See id.*

at 23).  However, at trial, Appellant's father testified that the gun was his and that he was merely storing it at the garage while he ran errands.  (**See id.** at 56-58).  Because of this defense and because none of the items were found on Appellant's person, evidence that Appellant was in possession of a magazine and ammunition that matched the gun several months before this incident was relevant to establish intent to possess the rifle.  Moreover, because this was a bench trial, not a jury trial, the possibility of undue prejudice was much less of an issue.  Further, we do not find the less than eight-month gap between the incident with Officer Caraballo and the finding of the gun to be particularly remote in time.  Thus, the evidence was admissible.  **See  Commonwealth v. Weakley**, 972 A.2d 1182, 1190 (Pa. Super. 2009), *appeal denied sub nom,* **Commonwealth v. Selenski**, 986 A.2d 150 (Pa. 2009) (eight month lapse of time between crimes did not render other crimes evidence too tenuous for admission); **see also Commonwealth v. Shoatz**, 366 A.2d 1216, 1226 (Pa. 1976) (possession of same type of military weapons used in murder was admissible to connect defendant to crime that occurred one and one-half years after incident and viewing time interval between two events as bearing on weight of evidence, not its competency).  Again, we will not fault counsel for failing to file a non-meritorious motion; Appellant's sixth claim lacks merit.  **See Loner**, **supra** at 132.

In his seventh claim, Appellant argues that counsel was ineffective for not challenging the "false, misleading, and omitted statements made in the affidavit of probable cause[.]" (Appellant's Brief, at 32 (unnecessary capitalization omitted); *see also* Appellant's Brief, at 32-35). To the extent it can be determined from Appellant's somewhat incoherent argument on this issue, he appears to claim that counsel should have moved to suppress his arrest on the basis of a faulty warrant. (*See id.* at 32-35).

Firstly, we note that the police arrested Appellant based on a parole violation, not based upon evidence obtained via a search warrant. (*See* N.T. Trial, at 19). Moreover, challenges to the sufficiency of a warrant must be determined by matters contained within the four corners of the warrant, not by using extrinsic evidence such as the CSR. *See* Pa.R.Crim.P. 203; *see also* **Commonwealth v. Galvin**, 985 A.2d 783, 796 (Pa. 2009), *cert. denied*, 559 U.S. 1051 (2010). Further, this Court has held that "misstatements of facts will invalidate a search warrant and require suppression of the fruits of the search **only if the misstatements of fact are deliberate and material**." **Commonwealth v. Baker**, 24 A.3d 1006, 1017 (Pa. Super. 2011), *affirmed*, 78 A.3d 1044 (Pa. 2013) (citations omitted, emphasis in original. In other words, not "every inaccuracy will justify an exclusion of evidence obtained as a result of the search." *Id.* (citation omitted).

Here, Appellant's contentions are either based upon extrinsic evidence such as the CSR, are unsupported by the record, or based upon viewing the

facts in the light most favorable to him. (*See* Appellant's Brief, at 33-35). Further, as the Commonwealth correctly notes, none of the alleged misstatements highlighted by Appellant were material to a finding of probable cause. (*See* Commonwealth's Brief, at 14-15). As discussed above, Chief Pontician arrested Appellant based upon an outstanding parole violation warrant. At the time of his arrest, he observed a rifle magazine and ammunition at Appellant's feet. Chief Pontician saw a rifle matching this magazine in plain view within six to seven feet of Appellant. Appellant was not allowed to possess a firearm. All of this was more than sufficient to support a finding of probable cause. We will not fault counsel for failing to file a non-meritorious motion to suppress. Appellant's seventh claim lacks merit. *See Loner*, *supra* at 132.

In his eighth claim, Appellant claims that counsel was ineffective for not objecting to the Commonwealth's failure to file a Rule 404(b) statement. *See* Pa.R.E. 404(b)(3); (Appellant's Brief, at 6, 36). Appellant claims that this failure resulted in his being "blindsided at trial[.]" (Appellant's Brief, at 36). However, Appellant's argument on this issue is undeveloped. Appellant fails to point to any legal support that either written or formal notice of the introduction of Rule 404(b) evidence is required. To the contrary, this Court has found that there is no such requirement. *See Commonwealth v. Mawhinney*, 915 A.2d 107, 109-10 (Pa. Super. 2006), *appeal denied*, 932 A.2d 1287 (Pa. 2007) (finding reasonable notice of intent to introduce Rule

404(b) evidence, where prosecution and defense counsel discussed evidence during off-record pre-trial conference).

Moreover, Appellant does not cite to anything in the record that confirms his claim that counsel was "blindsided" by this evidence. Rather, the record shows that this information was included in the affidavit of probable cause attached to the criminal complaint. (*See* Affidavit of Probable Cause, 12/16/13, at 1). Further, when the Commonwealth initially introduced this evidence during the testimony of Chief Pontician, counsel calmly and successfully objected to Chief Pontician's testimony about what another officer told him as hearsay. (*See* N.T. Trial, 7/31/14, at 32). The Commonwealth was then able to introduce a report regarding the incident under the business record exceptions. (*See id.* at 33). Again, there is nothing of record that demonstrates that counsel was surprised by this evidence. The Commonwealth also brought up the March 2013 incident during the testimony of patrol officer Evan Reber. (*See id.* at 43-44). Counsel objected, but on the grounds of relevancy and repetition, not unfair surprise or lack of notice. (*See id.* at 44). When Officer Caraballo testified, counsel was prepared and cross-examined him, stressing that Officer Caraballo had not found Appellant in possession of a weapon. (*See id.* at 49-50). Thus, there is simply no record support for Appellant's claim that the Commonwealth did not notify

counsel about its intent to introduce Rule 404(b) evidence. Appellant's eighth claim lacks merit.[7]

In his final claim, Appellant argues that his waiver of a jury trial colloquy was deficient. (**See** Appellant's Brief, at 37-38). Prior to addressing the merits of this claim, we must decide if it is properly before us. As we stated above, in order to be eligible for PCRA relief, a petitioner must demonstrate that the issues raised in his PCRA petition have not been waived. **See** 42 Pa.C.S.A. § 9543(a)(3). A claim is waived if "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, **on appeal** or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b) (emphasis added).

---

[7] Appellant claims that the above-cited errors by trial counsel cumulatively deprived him of an adequate defense at trial. (**See** Appellant's Brief, at 39). However, our Supreme Court has stated, "that no number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually. . . . if multiple instances of deficient performance are found, the assessment of prejudice properly may be premised upon cumulation." **Commonwealth v. Reid**, 99 A.3d 470, 520 (Pa. 2014) (citations and internal quotation marks omitted).

Here, the trial court found that none of Appellant's individual ineffective assistance of counsel allegations merited relief. (**See** PCRA Ct. Op., 9/18/17, at 1). We have, as discussed above, thoroughly reviewed the record, and agree with the PCRA court that Appellant's individual claims of ineffective assistance of counsel are meritless. Thus, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis. **See** **Reid**, **supra** at 520.

The record in the case *sub judice* establishes that Appellant did not raise this claim on direct appeal.  Thus, Appellant waived it.  **See *Commonwealth v. Ligons***, 971 A.2d 1125, 1137 (Pa. 2009).

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/12/2018